UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**NEAPCO DRIVELINES LLC**,

    Plaintiff,

v.

**AMERICAN AXLE & MANUFACTURING, INC,**

    Defendant.

                        /

Case No. _____

***JURY TRIAL DEMANDED***

J. Michael Huget (P39150)
Brian J. Arnold (P81398)
Sarah E. Waidelich (P80225)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
315 E. Eisenhower, Suite 100
Ann Arbor, MI 48108
(734) 418-4200
mhuget@honigman.com
barnold@honigman.com
swaidelich@honigman.com

*Attorneys for Plaintiff*
                        /

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Neapco Drivelines LLC ("Neapco or "Plaintiff"), by and through its attorneys Honigman Miller Schwartz and Cohn LLP, hereby provides its Complaint for Patent Infringement against Defendant American Axle & Manufacturing, Inc. ("AAM" or "Defendant"), and allege as follows:

25664058.4

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and seeks damages as provided in 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

2. Plaintiff Neapco Drivelines LLC ("Neapco Drivelines") is a limited liability corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 6735 Haggerty Road, Belleville, Michigan 48111.

3. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Dauch Drive, Detroit, Michigan 48211.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

5. On information and belief, jurisdiction and venue for this action are proper in the Eastern District of Michigan. This Court has personal jurisdiction over Defendant, *inter alia*, because it is doing substantial business in this Judicial District, both generally and, on information and belief, with respect to the allegations in this complaint, including Defendant's one or more acts of infringement in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## THE PATENT-IN-SUIT

7. Plaintiff is the lawful owner of all right, title, and interest in United States Patent No. 5,772,520 entitled "Vented Studyoke on Slip-Between Center Driveshaft" ("the '520 patent"), including the right to sue and to recover for infringement thereof. A copy of the '520 patent is attached hereto as Exhibit A, which was duly and legally issued on June 30, 1998, naming Chris Peter Nicholas and Timothy Peter Raleigh as the inventors.

8. The '520 patent has been published and publicly accessible at least since its issue date.

## BACKGROUND

9. On information and belief, Defendant is an automotive company with a range of products in various automotive specialties, including driveline products such as propshafts (*e.g.*, driveshafts) for use in automobiles, such as light and heavy duty trucks and passenger cars.

10. On information and belief, Defendant manufactures, uses, sells, and/or offers for sale propshafts with vented slip joint assemblies for numerous platforms, including, for example, propshafts for the GM Silverado / Sierra vehicles ("Silverado/Sierra propshafts"), which, on information and belief, are identified by program code K2xx and product number 23508419.

25664058.4

# COUNT I
# INFRINGEMENT OF '520 PATENT

11. Plaintiff reincorporates and re-alleges the allegations of the above paragraphs as if fully set forth herein.

12. Defendant has manufactured, used, offered for sale, or sold driveline products, including at least the Silverado/Sierra propshafts and other propshafts having a similar vented slip joint assembly, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '520 patent in violation of 35 U.S.C. § 271(a).

13. On information and belief, Defendant, in connection with the Silverado/Sierra propshafts and other propshafts having a similar vented slip joint assembly, perform, and/or direct or control others to perform on their behalf, a method that infringes one or more claims of the '520 patent, including claims 11 and 12, which reads as follows.

> 11. A method of venting a slip joint assembly comprising;
>
> providing a first shaft having a first end with an externally splined portion;
>
> providing a second shaft having a closed first end with an internally splined portion defining a first cavity therein, the second shaft drivably connected to the first end of the first shaft;
>
> providing a seal to sealingly engage the first and second shafts to create a second cavity therebetween defined by the seal and the first and second shafts; and
>
> providing a vent in the first shaft having a first end in fluid communication with the second cavity and a second end in fluid communication outside the first and second cavities.

12. A method according to claim 11, wherein the vent is provided by removing a spline from one of the shafts to provide fluid communication between the first and second cavities and providing an axial bore through the first shaft to provide fluid communication outside the first and second cavities.

14. On information and belief, Defendant, in connection with at least the Silverado/Sierra propshafts and other propshafts having a similar vented slip joint assembly, perform, and/or direct or control others to perform on their behalf, a method for venting a slip joint assembly. The method comprises providing a first shaft having a first end with an externally splined portion. The method also comprises providing a second shaft having a closed first end with an internally splined portion defining a first cavity therein, the second shaft drivably connected to the first end of the first shaft. The method also comprises providing a seal to sealingly engage the first and second shafts to create a second cavity therebetween defined by the seal and the first and second shafts. The method also comprises providing a vent in the first shaft having a first end in fluid communication with the second cavity and a second end in fluid communication outside the first and second cavities. The method also comprises providing a vent by removing a spline from one of the shafts to provide fluid communication between the first and second cavities and providing an axial bore through the first shaft to provide fluid communication outside the first and second cavities.

15. Defendant's infringement has damaged and continues to damage and injure Plaintiff.

25664058.4

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. That U.S. Patent No. 5,772,520 be judged valid, enforceable, and infringed by Defendant;

b. That Plaintiff be awarded judgment against Defendants for damages together with interests and costs fixed by the Court;

c. That the Court declare this an exceptional case and award Plaintiff its attorneys' fees, as provided by 35 U.S.C. § 285; and

d. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ J. Michael Huget
    J. Michael Huget (P39150)
    Brian J. Arnold (P81398)
    Sarah E. Waidelich (P80225)
    HONIGMAN MILLER SCHWARTZ AND COHN LLP
    315 E. Eisenhower, Suite 100
    Ann Arbor, MI 48108
    (734) 418-4200
    mhuget@honigman.com
    barnold@honigman.com
    swaidelich@honigman.com

Dated:  October 6, 2017        *Attorneys for Plaintiff*